## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**KEVIN ANGEL FRANCO**,

    *Petitioner*,

    v.

**LUIS SOTO**, *et al.*,

    *Respondents*.

No. 26-cv-09582

**ORDER**

---

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court upon the counseled Petition for Writ of Habeas Corpus ("Petition"), in which Petitioner alleges that he has been unlawfully detained without a bond hearing. (ECF No. 1); and

**WHEREAS**, on July 29, 2026, Respondents informed the Court that Petitioner had been relocated from Delaney Hall Detention Facility in New Jersey to Metropolitan Detention Center in Brooklyn, New York, prior to the Court entering an order prohibiting Petitioner's transfer outside the State of New Jersey. (ECF No. 4; *see also* ECF No. 7-1 at ¶¶ 6–7); and

**WHEREAS**, Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 7 at 2). Therefore, he is entitled to a bond hearing, but according to Respondents, one has not occurred because Petitioner has refused to sign forms informing him of his right to a bond hearing. (*See* ECF No. 7 at 2–3). Respondents therefore claim that the Petition should be denied

because Petitioner has failed to exhaust his administrative remedies.[1] (*See id.*); and

**WHEREAS**, neither party contests this Court's exercise of jurisdiction over the Petition; and

**WHEREAS**, Petitioner has been detained, ostensibly under 8 U.S.C. § 1226(a), since July 22, 2026, but has not yet been afforded a bond hearing, even since the filing of the Petition despite Respondents admitting he is entitled to one. (*See* ECF No. 7 at 2–3; ECF No. 7-3); therefore

**IT IS HEREBY** on this 3rd day of August, 2026,

**ORDERED** that by **August 7, 2026, at 5:00 p.m.**, Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). To ensure Petitioner's access to counsel, Respondents shall transfer Petitioner back to the State of New Jersey before the bond hearing. Petitioner shall be afforded an opportunity to confer with counsel before the hearing; and it is further

**ORDERED** that by **August 8, 2026, at 5:00 p.m.**, Respondents shall file a submission confirming that the bond hearing occurred and stating its outcome. If bond is denied, the submission shall include an order from the appropriate administrative authority reflecting the outcome and a transcript of the hearing. If either document is not readily available, counsel shall submit a certification stating that fact and shall file the outstanding document(s) promptly, but no later than three (3) days after the initial submission; and it is further

**ORDERED** that, upon confirmation that the bond hearing occurred, the operative Petition,

---

[1] In his Reply, Petitioner argues that his detention under § 1226(a) is unlawful because Respondents failed to establish that they appropriately "exercised the discretionary authority that provision confers" when making the initial custody determination and detaining Petitioner. (ECF No. 8 at 4). The Court, however, construes the Petition as challenging only Petitioner's detention without bond under 8 U.S.C. § 1225, not the procedures Respondents followed in exercising their discretion under § 1226(a). (*See* ECF No. 1 at ¶¶ 1, 37). Accordingly, the Court does not reach Petitioner's argument.

(ECF No. 1), will be denied as moot. If bond is denied, Petitioner may file an amended petition within fourteen (14) days of Respondents' submission to the Court confirming the outcome of the bond hearing, to assert any further claims; and it is finally

ORDERED that if Petitioner fails to file an amended petition within fourteen (14) days of Respondents' submission to the Court, the Court's no-transfer order, (ECF No. 2), will be vacated.

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**

3